**FILED**
APR 26 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Steven Lynn Jackson, )
)
        Petitioner, )
)
v. ) Civil Action No. **13 0580**
)
)
U.S. Parole Commission, )
)
        Respondent. )

## MEMORANDUM OPINION

Petitioner, proceeding *pro se*, is a District of Columbia resident under the supervision of the United States Parole Commission who is facing parole revocation charges. *See* Pet. at 4. Petitioner has brought an action for a writ of habeas corpus, claiming that the Commission lacks authority over his "post supervision sentence," and, thus, cannot "return [him] back to jail without a new judgment and commitment order signed by a Superior Court judge, based on a new arrest and probable cause . . ., knowing that a parole official is not a judicial officer." Pet. at 2. He seeks, among other relief, an order to prevent the Commission from "carrying out a pending parole hearing . . . ." *Id.* at 6.

"A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue [a show cause] order . . ., unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The extraordinary remedy of habeas corpus is available to District of Columbia prisoners if the prisoner shows that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

The U.S. Parole Commission has jurisdiction over D.C. parolees and supervisees to revoke parole or to modify parole conditions. D.C. Code §§ 24-131, 24-133(c)(2); *see Taylor v. U.S. Parole Comm'n*, 860 F. Supp. 2d 13, 15-16 (D.D.C. 2012). Because the District's parole and supervised release statutes govern the execution of a judicially imposed sentence, "[t]he Parole Commission's administrative authority over supervised release and its power to impose a sentence when such release is revoked does not constitute a usurpation of a judicial function or violate the separation-of-powers doctrine." *Taylor*, 860 F. Supp. 2d at 16 (citing *Smallwood v. U.S. Parole Comm'n*, 777 F. Supp. 2d 148, 150 (D.D.C. 2011)); *see Hammett v. U.S. Parole Comm'n*, No. 10-442 (JDB), 2010 WL 1257669, at *1 (D.D.C. Apr. 2, 2010) (observing that "[t]his argument, and similar separation of powers arguments, have been raised often and rejected each time"). The case petitioner relies upon, *Taylor v. U.S. Probation Office*, 409 F.3d 426 (D.C. Cir. 2005), is entirely inapposite since it concerned a suit for monetary damages for an unlawful detainer at the D.C. Jail and had nothing to do with the authority of the U.S. Parole Commission. *See id.* at 428.

Since the instant petition reveals no basis for issuing the writ, the Court will deny the petition and dismiss the case. A separate order accompanies this Memorandum Opinion.

DATE: April 19, 2013

United States District Judge
J. Boasberg